O

# United States District Court
# Central District of California

| | |
|---|---|
| CLAUDETTE MARIE LESLIE et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEW CENTURY MORTGAGE CORPORATION et al., <br><br> Defendants. | Case № 2:22-cv-6007-ODW (JEMx) <br><br> **ORDER GRANTING FREDDIE MAC'S MOTION TO DISMISS [16]** |

## I. INTRODUCTION

Plaintiffs Claudette Marie Leslie, Rodwell N. Leslie, and Lillette E. Leslie initiated this wrongful foreclosure action in the Superior Court of California, County of Los Angeles against Defendants New Century Mortgage Corporation, CitiMortgage, Inc., Quality Loan Service Corporation, and others. They later added Federal Home Loan Mortgage Company ("Freddie Mac") as a Defendant, and Freddie Mac removed the case pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. § 1442(a). Freddie Mac now moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the claims the Leslies assert against it. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 14.) After carefully considering the papers filed in connection with the Motion, the Court

deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Freddie Mac's Motion.

## II. FACTUAL BACKGROUND

For purposes of this Rule 12(b)(6) motion, the Court accepts the Leslies' well-pleaded allegations as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### A. Purchase, Refinancing, and Securitization

Rodwell and Lillette Leslie first purchased the subject property, a single family residence on 47th Street in Los Angeles, California, in 2003. (Fourth Am. Compl. ("FAC") ¶¶ 1, 3, 11, ECF No. 14.) In 2006, they refinanced their home loan with Defendant New Century Mortgage Corporation in the amount of $357,000 (the "Loan"). (*Id.* ¶ 12.) The Loan was secured by a deed of trust with New Century as the beneficiary and nonparty Financial Title as the original trustee (the "Deed of Trust"). (*Id.*)

Shortly after funding the loan, New Century caused nonparty Citigroup Global Markets Realty Corp., PLC, to pool the loan with other similar mortgages. (*Id.* ¶ 14.) Citigroup Global Markets Realty then sold the pooled loans to Citigroup Mortgage Loan Trust, Inc., as part of the Citigroup Mortgage Loan Trust 2006-NC, Asset-Backed Pass-Through Certificates, Series 2006-NC (the "Loan Trust"). (*Id.*) The Leslies allege that, after this transaction, nonparty U.S. Bank National Association was the owner of the Loan, the trustee of the Loan Trust, and the beneficiary of the Deed of Trust. (*Id.* ¶ 15.)

### B. Assignment to CitiMortgage, Notice of Default

Several years later, on September 23, 2014, New Century, through Defendant CitiMortgage, Inc. acting as New Century's attorney-in-fact, assigned the Deed of Trust to CitiMortgage. (*Id.* ¶ 18.) The Leslies allege that this assignment did not transfer any

right, title, or interest in the property to CitiMortgage because the Loan and Deed of Trust had already been sold and assigned to the Loan Trust in June 2006. (*Id.*)

On March 30, 2016, CitiMortgage caused to be recorded a substitution of trustee substituting Quality Loan in place of Financial Title as trustee for the Deed of Trust. (*Id.* ¶ 20.) The Leslies allege that this substitution was ineffective because CitiMortgage had no authority to make it, based on the fact that the Loan and Deed of Trust had already been sold and assigned to the Loan Trust in June 2006. (*Id.*)

Around this time, the Leslies were having financial difficulties, and in April 2015, CitiMortgage caused its trustee, Quality Loan, to record a Notice of Default and Election to Sell the property. (*Id.* ¶¶ 19, 21.) As with the prior two transactions, the Leslies allege that CitiMortgage—and, by extension, Quality Loan—had no authority to issue or record these documents. (*Id.* ¶ 21.)

**C.   Loan Modification Applications, Trustee Sale**

From 2016 to 2018, the Leslies submitted applications for a loan modification. (*Id.* ¶ 22.) CitiMortgage repeatedly asked the Leslies to submit documents they had already submitted, and the loan was not modified. (*Id.*) The Leslies allege that this was due to bad faith on the part of CitiMortgage. (*Id.*)

On September 26, 2018, CitiMortgage cause Quality Loan to record a Notice of Trustee Sale with a scheduled sale date of November 8, 2018. (*Id.* ¶ 25.) In October 2018, the Leslies submitted a new loan modification application, (*id.* ¶ 26), and on November 2, 2018, CitiMortgage sent the Leslies written correspondence acknowledging that it had received the Leslies' loan modification documents, (*id.* ¶ 27). On November 5, 2018, CitiMortgage sent the Leslies additional correspondence indicating that "[y]ou may be eligible for a modification of your loan. We will contact you shortly to discuss the details of modifying your loan." (*Id.* ¶ 28.)

On November 7, 2018, two CitiMortgage representatives each advised Rodwell Leslie that the trustee sale set for November 8, 2018, had been taken off calendar. (*Id.* ¶ 29.) Nevertheless, the trustee sale went forward on November 8, 2018, and the

property was sold to a third party. (*Id.* ¶ 30.) That third party proceeded to initiate unlawful detainer proceedings against the Leslies, and eventually, the Leslies were evicted from the property. (*Id.* ¶ 31.)

**D.     Freddie Mac**

In addition to these allegations, the Leslies make the following allegations regarding Freddie Mac:

> 32. In or about December 2020, Defendant Citi[M]ortgage alleged for the first time that Freddie Mac was the actual owner of the Note and beneficiary of the Deed of Trust at the time of sale.
>
> 33. Defendant Citi[M]ortgage claims that Freddie Mac purchased the Note in March 2010. . . .
>
> 36. Defendant Citi[M]ortgage alleges that Defendant Freddie Mac purchased the loan from Defendant Citi[M]ortgage in March of 2010, and was the actual owner of the Note and beneficiary of the Deed of Trust at the time of sale, either making the Citi[M]ortgage Assignment void, or making the purported sale to Freddie Mac a fraud. . . .
>
> 54. . . . [B]y moving forward with the trustee sale, Defendant Citi[M]ortgage was acting, on its own behalf or on behalf of Freddie Mac, with malice and deceit, and with conscious disregard of Plaintiffs rights.
>
> 55. At all times relevant herein, Defendant CitiMortgage was not authorized to act as Plaintiffs' lender and/or servicer, but having assumed that role on its own behalf or on behalf of Freddie Mac unbeknownst to Plaintiffs, Defendants had a duty to exercise reasonable care . . . .

(FAC ¶¶ 32, 33, 36, 54, 55.)

## III.     PROCEDURAL BACKGROUND

In their initial complaint, filed in state court on September 6, 2019, the Leslies asserted six causes of action. (Req. Judicial Notice ("RJN") Ex. U, ECF No. 18-21.)[1]

---

[1] The Court takes judicial notice of the docket and filings in the state court case. *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of related court filings).

CitiMortgage demurred, and the court sustained the demurrer. (RJN Ex. V, ECF No. 18-22.) The Leslies filed a First Amended Complaint, to which CitiMortgage again successfully demurred. (RJN Exs. W, X, ECF Nos. 18-23, 18-24.) The Leslies then filed a Second Amended Complaint, to which CitiMortgage demurred yet again. (RJN Ex. Y, ECF No. 18-25.) In response, the Leslies voluntarily dismissed their causes of action related to title to the property. (*Id.*) The court sustained CitiMortgage's demurrer to the Second Amended Complaint and again provided leave to amend. (*Id.*) On January 11, 2021, the Leslies served their Third Amended Complaint, and CitiMortage answered. (RJN Exs. AA, BB, ECF Nos. 18-27, 18-28.)

On April 29, 2022, the Leslies requested the state court's leave to further amend, to (1) add several new minor plaintiffs who resided at the property prior to eviction; (2) include new allegations about securitization of the loan and possession of the note; and (3) add Freddie Mac as a defendant. (RJNS Exs. CC-EE, ECF Nos. 18-29 to 18-31.) The state court denied leave to amend except for the addition of Freddie Mac as a defendant. (RJN Ex. FF, ECF No. 18-32.) The Leslies' operative Fourth Amended Complaint sets fourth four causes of action: (1) wrongful foreclosure; (2) violation of California Civil Code section 2923.6, (3) negligence, and (4) negligent misrepresentation. Freddie Mac is named as a Defendant in the first three of these. (*See* Fourth Am. Compl.)

On August 24, 2022, Freddie Mac removed the action to federal court. (*See* Notice of Removal, ECF No. 1.) Freddie Mac now moves to dismiss, and its Motion is fully briefed. (Opp'n Mot. Dismiss ("Opp'n"), ECF No. 27; Reply ISO Mot. ("Reply"), ECF No. 30.)

## IV. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—

a short and plain statement of the claim—to survive a dismissal motion. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, the factual allegations must be sufficient "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("Leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

## V. DISCUSSION

Preliminarily, the Court notes that, in the Introduction section of their opposition brief, the Leslies plainly admit that the Factual Background section of their brief "include[s] facts that are set forth in the Fourth Amended Complaint or were subsequently revealed during discovery." (Opp'n 3.) The Factual Background section reflects this blended approach; it includes long passages of factual matter that are either bereft of citations altogether or that include a short citation to the Fourth Amended Complaint at the end of a paragraph. (*See* Opp'n 4–10.) Save for the bulleted list on pages six through eight of the opposition brief, the Factual Background generally lacks citation to any of the materials revealed during discovery referenced by the Leslies in their Introduction.

The Leslies' briefing practice is impermissible. Their choice to intermingle the allegations of the Fourth Amended Complaint with additional facts not alleged, and to do so without the support of clear and thorough citations, makes it impossible for the Court to determine which factual assertions and corresponding legal arguments are based on the allegations in the Fourth Amended Complaint and which are not. This, in turn, makes it impossible for the Court to properly consider the Leslies' claims under the Rule 12(b)(6) standard. *See Lee*, 250 F.3d at 688–89 (emphasizing that, in ruling on Rule 12(b)(6) motions, review is limited to the complaint and judicially noticeable materials); *see also Kramer v. MicroBilt Corp.*, No. 5:19-cv-01021-JGB (SPx), 2019 WL 8065849, at *1 n.1 (C.D. Cal. Sept. 12, 2019) ("[A] Rule 12(b)(6) motion tests Plaintiffs' allegations as stated within the four corners of the Complaint—extrinsic evidence is therefore irrelevant at this stage and will not be considered by the Court."). For this reason, the Court disregards the Leslies' Factual Background section in determining whether the Leslies state a claim against Freddie Mac. That said, the Court can and does consider the information in the Factual Background section in determining whether to grant leave to amend—a point to which the Court returns later in this Order. *Cf. Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004) ("[T]he

court may consider allegations in the plaintiff's opposition in deciding whether to grant leave to amend." (citing *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)).

**E.  Freddie Mac's Unspecified Role**

Although Freddie Mac sets forth several bases for dismissing the claims against it, its Motion succeeds on just one: that "none of the Leslies' allegations identify any wrongdoing by Freddie Mac." (Reply 1.)  This is an accurate characterization of the Fourth Amended Complaint.  The Leslies' well-pleaded factual allegations tell a story primarily involving the Leslies, New Century, Financial Title, CitiMortgage, and Quality.  The basic structure of that story is simple: New Century was the Loan's original lender and beneficiary; due to the 2006 securitization of the Loan, New Century never had the authority to later assign the Loan to CitiMortgage; and as a result, CitiMortgage never had the authority to take any of the post-2006 actions it took, including naming a new trustee, foreclosing on the Loan, and directing the trustee to conduct a non-judicial foreclosure sale.  Freddie Mac is not part of this story.  And rather than trying to integrate Freddie Mac into this story, the Leslies do no more than allege *what CitiMortgage says about Freddie Mac*.  Such allegations do not constitute well-pleaded allegations against Freddie Mac.  The Leslies do not actually allege that Freddie Mac purchased the Loan, and the Court cannot proceed with assuming this assertion to be true.  To do so would be to issue an advisory opinion based on allegations not actually made. *See, e.g.*, *Pettit v. Fed. Nat. Mortg. Ass'n*, No. 2-11-cv-00149-JAD-PAL, 2014 WL 584876, at *3 (D. Nev. Feb. 11, 2014) ("Plaintiff is essentially seeking an advisory opinion on affirmative defenses that he might ultimately have in a future action brought by the holder of his note. Yet 'federal courts have never been empowered to issue advisory opinions.'" (quoting *Coal. for a Healthy Cal. v. F.C.C.*, 87 F.3d 383, 386 (9th Cir. 1996)).

When the Leslies' hearsay-type allegations against Freddie Mac are disregarded, all that remains against Freddie Mac are two terse, conclusory, subsidiary allegations that CitiMortgage acted "on its own or on behalf of Freddie Mac." (FAC ¶¶ 54, 55.)

These allegations are legal conclusions devoid of any case-specific allegations supporting the conclusion that CitiMortgage was acting on behalf of Freddie Mac. The allegations are therefore insufficient to implicate Freddie Mac in this matter in any meaningful way.

As the Fourth Amended Complaint lacks any well-pleaded allegation regarding Freddie Mac's role in this controversy, it is appropriate to dismiss all three claims against Freddie Mac. First, it is appropriate to dismiss the wrongful foreclosure claim against Freddie Mac. "Wrongful foreclosure is a California common law claim that generally tracks the elements of an equitable cause of action to set aside a foreclosure sale." *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 948 (S.D. Cal. 2020). The first element of a wrongful foreclosure cause of action requires that "the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust." *Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552, 561–62, (2016) (quoting *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015)). Here, quite simply, the Fourth Amended Complaint lacks a well-pleaded allegation that Freddie Mac was, at the relevant times, the Loan's trustee or mortgagee.

It is also appropriate to dismiss the California Civil Code section 2923.6 claim against Freddie Mac. Pursuant to section 2923.6, "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while [a] complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). Here, the Leslies do not set forth any well-pleaded factual allegation supporting the conclusion that Freddie Mac was the "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" for the Loan. Accordingly, the Leslies do not sufficiently plead that Freddie Mac violated Civil Code section 2923.6.

Finally, it is appropriate to dismiss the negligence claim. A claim for negligence is fundamentally and essentially based on a duty the defendant owes to the plaintiff.

*See Eriksson v. Nunnink*, 191 Cal. App. 4th 826, 838 (2011) ("[A]n essential element of an action for negligence is the existence of a duty of care to the plaintiff."). In many contexts, including the loan modification and wrongful foreclosure context, the duty the defendant owes to the plaintiff depends on the defendant's role. *See, e.g.*, *Sheen v. Wells Fargo Bank, N.A*, 12 Cal. 5th 905, 948 (2022). Here, the Leslies altogether fail to plead Freddie Mac's role with well-pleaded factual allegations, and accordingly, it is not possible to determine what duty, if any, Freddie Mac owed to the Leslies. The Leslies' negligence claim against Freddie Mac therefore fails on the duty element and is subject to dismissal.

**F.      Leave to Amend**

The Court acknowledges the Leslies' argument that CitiMortgage has provided conflicting or changing information with regard to the ownership of the Loan and its chain of title. (Opp'n 5–8.) However, alleging a *defendant's* contradictory positions on a matter is not the same thing as stating *one's own* valid legal claim (against that defendant or any other). To state a claim, the Leslies must state their own theory of the case. In the wrongful foreclosure context, this may very well involve alleging various competing conveyances and recorded documents that lead to complicated, branching chains of title. Such allegations are permissible, and even common, but the plaintiff must actually make those allegations. Here, the Leslies presently do not; the Court provides the Leslies with leave to amend to do so. *Manzarek*, 519 F.3d at 1031.

In providing leave to amend, however, the Court is mindful that the Leslies have already had the benefit of several rounds of substantive rulings by the state court and leave to amend to cure deficiencies and test new legal theories. *See* § III, *ante*. On amendment, the Leslies may certainly add new facts related to Freddie Mac, including facts recently obtained through discovery. The Leslies may also modify their chain-of-title-related allegations to account for Freddie Mac, pursuant to the discussion above. But the Leslies may *not* add new facts unrelated to Freddie Mac or new facts that would generate completely new legal theories not already explored in the five prior pleadings.

In this same vein, this Court notes that it is highly unlikely to provide any more than this single, final round of leave to amend. The Leslies should therefore avail themselves of this opportunity to allege *all* relevant facts and contentions supporting their theory of liability against Freddie Mac.[2]

## VI. CONCLUSION

For the reasons discussed above, Freddie Mac's Motion to Dismiss is **GRANTED**. (ECF No. 43.) The Leslies' claims against Freddie Mac are **DISMISSED WITH LEAVE TO AMEND**. The Leslies' Fifth Amended Complaint, if any, is due no later than <u>twenty-one (21) days</u> from the date of this Order. If the Leslies amend, <u>all</u> Defendants' answers or other responses are due no later than <u>twenty-one (21) days</u> from the date the Leslies file their Fifth Amended Complaint. If the Leslies do not amend, then the dismissal of the claims against Freddie Mac shall convert to a dismissal with prejudice, and Freddie Mac shall be dismissed from the action.

**IT IS SO ORDERED.**

November 18, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] A short comment about Freddie Mac's voluminous Request for Judicial Notice is warranted. As discussed above, the Court takes judicial notice of the docket and certain items from the state court case file. *See* n.1, *ante*. Freddie Mac requests further judicial notice, beginning with several docket items from certain bankruptcy court cases. The Court does not rely on any of the bankruptcy court materials in reaching its decision herein, and accordingly, these requests are **denied as moot**. Similarly, Freddie Mac requests judicial notice of recorded documents demonstrating the chain of title for the property. Some of these documents confirm conveyances the Leslies allege in their Fourth Amended Complaint, and others do not. Regardless, the Court does not rely on any of these materials in determining that the Leslies do not state a claim against Freddie Mac, and judicial notice is accordingly **denied as moot**. Finally, Exhibits B, D, and E are evidence beyond the pleadings and are not appropriate for judicial notice. Judicial notice is **denied** as to these Exhibits.