O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CLAUDETTE MARIE LESLIE et al., | Case № 2:22-cv-06007-ODW (JEMx) |
| Plaintiffs, | **ORDER GRANTING DEFENDANT FREDDIE MAC'S MOTION TO DISMISS FIFTH AMENDED COMPLAINT [50] AND REMANDING CASE** |
| v. | |
| NEW CENTURY MORTGAGE CORPORATION et al., | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiffs Claudette Marie Leslie, Rodwell N. Leslie, and Lillette E. Leslie initiated this wrongful foreclosure action in the Superior Court of California, County of Los Angeles against Defendants New Century Mortgage Corporation; CitiMortgage, Inc.; Quality Loan Service Corporation; and others.  They later added Federal Home Loan Mortgage Company ("Freddie Mac") as a Defendant, and Freddie Mac removed the case pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. § 1442(a).  Freddie Mac now moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the claims the Leslies assert against it in their Fifth Amended Complaint.  (Mot. Dismiss ("Motion" or "Mot."), ECF No. 50.)  After carefully considering the papers filed in

connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Freddie Mac's Motion.

## II.    FACTUAL BACKGROUND

For purposes of this Rule 12(b)(6) motion, the Court accepts the Leslies' well-pleaded allegations as true.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### A.    Purchase, Refinancing, and Securitization

In 2003, Rodwell Leslie and Lillette Leslie purchased the subject property, a single family residence on 47th Street in Los Angeles, California.  (Fifth Am. Compl. ¶ 2, ECF No. 46.)   In 2006, they refinanced their home loan with Defendant New Century Mortgage Corporation, signing a promissory note in in the amount of $357,000 (the "Note") secured by a deed of trust ("Deed of Trust") (together, the "Loan").  (*Id.* ¶ 11.)  New Century was the beneficiary of the Loan, and nonparty Financial Title was the trustee.  (*Id.*)

Shortly after funding the Loan, New Century caused nonparty Citigroup Global Markets Realty Corp., PLC to pool the Loan with other similar mortgages.  (*Id.* ¶ 12.) Citigroup Global Markets Realty then sold the pooled loans to Citigroup Mortgage Loan Trust, Inc., as part of the Citigroup Mortgage Loan Trust 2006-NC, Asset-Backed Pass-Through Certificates, Series 2006-NC (the "Loan Trust").  (*Id.*)  Nonparty U.S. Bank National Association was the trustee of the Loan Trust, and the Leslies allege that, following this securitization transaction, U.S. Bank was the owner of the Leslies' Note and the beneficiary of their Deed of Trust.  (*Id.*)  However, the Leslies also allege that the securitization failed because New Century failed to provide an endorsed Note or an assignment of the Deed of Trust to the Loan Trust by the deadline set forth in the securitization agreement, leaving the Loan "'in limbo' with no clear owner or beneficiary."  (*Id.* ¶ 13.)

**B.      Assignment to CitiMortgage; Notice of Default**

Several years later, on September 23, 2014, New Century, through Defendant CitiMortgage, Inc. acting as New Century's attorney-in-fact, assigned the Deed of Trust to CitiMortgage. (*Id.* ¶ 22.) The Leslies allege that this assignment did not transfer any right, title, or interest in the property to CitiMortgage because (1) the Loan had already been sold and assigned to the Loan Trust in June 2006 and (2) CitiMortgage later claimed Freddie Mac, not New Century, owned the Note at the time. (*Id.*)

In late 2014, the Leslies first sought a loan modification, and in April 2015, CitiMortgage caused its trustee, Quality Loan, to record a Notice of Default and Election to Sell the property. (*Id.* ¶¶ 23, 29.) As with the prior transactions, the Leslies allege that CitiMortgage—and, by extension, Quality Loan—had no authority to issue or record these documents. (*Id.* ¶ 31.)

**C.      Loan Modification Applications; Trustee Sale**

From 2016 to 2018, the Leslies submitted applications for a loan modification. (*Id.* ¶ 25.) CitiMortgage repeatedly asked the Leslies to submit documents they had already submitted, and the Loan was not modified. (*Id.*) The Leslies allege that this was due to bad faith on the part of CitiMortgage. (*Id.*)

On September 26, 2018, CitiMortgage—again, allegedly without any authority to do so—caused Quality Loan to record a Notice of Trustee Sale with a scheduled sale date of November 8, 2018. (*Id.* ¶ 31.) In October 2018, the Leslies submitted a new loan modification application, (*id.* ¶ 32), and on November 2, 2018, CitiMortgage sent the Leslies written correspondence acknowledging that it had received the Leslies' loan modification documents, (*id.* ¶ 33). On November 5, 2018, CitiMortgage sent the Leslies additional correspondence indicating that "[y]ou may be eligible for a modification of your loan. We will contact you shortly to discuss the details of modifying your loan." (*Id.* ¶ 35.)

On November 7, 2018, two CitiMortgage representatives each advised Rodwell Leslie that the trustee sale set for November 8, 2018, had been taken off calendar. (*Id.*

¶ 36.)   Nevertheless, on November 8, 2018, the trustee sale went forward, and the property was sold to a third party.  (*Id.* ¶ 37.)   That third party proceeded to initiate unlawful detainer proceedings against the Leslies, and eventually, the Leslies were evicted from the property.  (*Id.* ¶ 39.)  On January 13, 2021, Lillette Leslie passed away, and pursuant to court order, Rodwell now maintains Lillette's claims as her successor in interest.  (*Id.* ¶¶ 2, 40.)

**D.   Freddie Mac**

Later, in connection with this lawsuit, CitiMortgage and Freddie Mac asserted that CitiMortgage sold the Loan to Freddie Mac, then reacquired the Loan, then again sold the Loan to Freddie Mac, leaving Freddie Mac as the owner of the Loan from March 2010 until November 2018, when the Property was sold in foreclosure.  (*Id.* ¶¶ 15–16.)  Accordingly, the Leslies include allegations about Freddie Mac, which are of three types.  The first type of allegations concern what *CitiMortgage* claims about Freddie Mac.  For example, the Leslies allege that CitiMortgage claimed that, on March 29, 2010, it sold the Loan to Freddie Mac.  (*Id.* ¶ 15e; *see also id.* ¶ 22 ("Citi[M]ortgage claimed Freddie Mac was the purported owner of the Note at that time.").)  The second type of allegation concerns what Freddie Mac claims *about itself*.  For example, the Leslies allege that "[i]n March 2010, Freddie Mac claimed it purchased the Loan from Citi[M]ortgage."  (*Id.* ¶ 44.)  The third type of allegation concerns what *Plaintiffs* claim about Freddie Mac.  The main allegation of the third type is that "Freddie Mac had no interest in the [L]oan."  (*Id.* ¶ 26.)

### III.   PROCEDURAL BACKGROUND

On September 6, 2019, the Leslies filed their initial Complaint in state court.  After several pleading rounds, on April 29, 2022, the Leslies requested the state court's leave to amend, to (1) add several new minor plaintiffs who resided at the property prior to eviction; (2) include new allegations about securitization of the Loan and possession of the Note; and (3) add Freddie Mac as a defendant.  The state court denied leave to

amend except for the addition of Freddie Mac as a defendant.  The Leslies filed their Fourth Amended Complaint pursuant to this leave.

On August 24, 2022, Freddie Mac removed the action to federal court.  (*See* Notice of Removal, ECF No. 1.)  Freddie Mac moved to dismiss the claims asserted against it in the Fourth Amended Complaint, and the Court granted Freddie Mac's Motion, reasoning:

> As the Fourth Amended Complaint lacks any well-pleaded allegation regarding Freddie Mac's role in this controversy, it is appropriate to dismiss all three claims against Freddie Mac.  First, it is appropriate to dismiss the wrongful foreclosure claim against Freddie Mac.  "Wrongful foreclosure is a California common law claim that generally tracks the elements of an equitable cause of action to set aside a foreclosure sale." *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 948 (S.D. Cal. 2020). The first element of a wrongful foreclosure cause of action requires that "the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust." *Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552, 561–62, (2016) (quoting *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015)).  Here, quite simply, the Fourth Amended Complaint lacks a well-pleaded allegation that Freddie Mac was, at the relevant times, the Loan's trustee or mortgagee.
>
> It is also appropriate to dismiss the California Civil Code section 2923.6 claim against Freddie Mac.  Pursuant to section 2923.6, "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while [a] complete first lien loan modification application is pending."  Cal. Civ. Code § 2923.6(c).  Here, the Leslies do not set forth any well-pleaded factual allegation supporting the conclusion that Freddie Mac was the "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" for the Loan.  Accordingly, the Leslies do not sufficiently plead that Freddie Mac violated Civil Code section 2923.6.
>
> Finally, it is appropriate to dismiss the negligence claim.  A claim for negligence is fundamentally and essentially based on a duty the defendant owes to the plaintiff. *See Eriksson v. Nunnink*, 191 Cal. App. 4th 826, 838 (2011) ("[A]n essential element of an action for negligence is the existence

of a duty of care to the plaintiff."). In many contexts, including the loan modification and wrongful foreclosure context, the duty the defendant owes to the plaintiff depends on the defendant's role. *See, e.g.*, *Sheen v. Wells Fargo Bank, N.A*, 12 Cal. 5th 905, 948 (2022). Here, the Leslies altogether fail to plead Freddie Mac's role with well-pleaded factual allegations, and accordingly, it is not possible to determine what duty, if any, Freddie Mac owed to the Leslies. The Leslies' negligence claim against Freddie Mac therefore fails on the duty element and is subject to dismissal.

(Order Dismissing Fourth Am. Compl. 9–10, ECF No. 45.) The Court granted the Leslies leave to amend but cautioned that, given that the Leslies had "already had the benefit of several rounds of substantive rulings by the state court and leave to amend to cure deficiencies and test new legal theories," the Court was "highly unlikely to provide any more than this single, final round of leave to amend." (*Id.* at 10–11.) The Court accordingly instructed the Leslies to "avail themselves of th[e] opportunity to allege *all* relevant facts and contentions supporting their theory of liability against Freddie Mac." (*Id.* at 11.)

On December 7, 2022, the Leslies filed the operative Fifth Amended Complaint, setting forth claims for (1) wrongful foreclosure; (2) violation of California Civil Code section 2923.6, (3) negligence, and (4) negligent misrepresentation. Freddie Mac is named as a Defendant in the first three of these. (*See* Fifth Am. Compl.) Freddie Mac now moves to dismiss the Fifth Amended Complaint, and its Motion is fully briefed. (Opp'n Mot. Dismiss ("Opp'n"), ECF No. 60; Reply ISO Mot., ECF No. 64.)

## IV.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that contains a "short and plain statement of the claim" satisfies the "minimal notice pleading requirements of Rule 8(a)(2)" and survives a dismissal motion. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The plaintiff's "[f]actual allegations must

be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), such that the claim is "plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . 'as true and . . . in the light most favorable'" to the plaintiff. *Lee*, 250 F.3d at 679 (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, the factual allegations must be sufficient "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("Leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## V.   DISCUSSION

This Motion resolves in much the same way as Freddie Mac's prior motion. In the Fifth Amended Complaint, the Leslies allege in no uncertain terms that "Freddie

1   Mac had no interest in the Loan." (Fifth Am. Compl. ¶ 46; *see id.* ¶ 80(g), (h) (alleging
2   Defendants "misrepresented" (1) "that Freddie Mac retained ownership" and (2) that
3   "Freddie Mac . . . was the owner of the Loan").)  That being the case, the Leslies cannot
4   state plausible claims against Freddie Mac, for the same reasons set forth in the Court's
5   prior Order.  The wrongful foreclosure claim fails because the Leslies do not allege that
6   Freddie Mac was in fact the Loan's trustee or mortgagee.  The statutory claim fails
7   because the Leslies do not allege that Freddie Mac was the Loan's "mortgage servicer,
8   mortgagee, trustee, beneficiary," or the "authorized agent" of CitiMortgage in the
9   latter's capacity as a mortgage servicer, mortgagee, trustee, or beneficiary.  Cal. Civ.
10   Code § 2923.6(c).  And the negligence claim fails because, if Freddie Mac had no
11   interest in the Loan and did not take any of its own action with respect to the Loan, then
12   Freddie Mac owed no duty to the Leslies.  By alleging that Freddie Mac did not own
13   the Loan, the Leslies allege the opposite of what their three causes of action require.
14   Freddie Mac is therefore subject to dismissal.

15          The Leslies allege that CitiMortgage "act[ed] as the authorized loan servicer on
16   behalf of Freddie Mac" in initiating the allegedly unlawful foreclosure proceedings.
17   (Fifth Am. Compl. ¶ 60.)  However, this and similar agency allegations do not render
18   the Leslies' claims against Freddie Mac any more plausible.  To the extent the agency
19   allegations imply that Freddie Mac owned the Loan, the allegations are insufficient and
20   are directly contradicted by the Leslies' allegation that Freddie Mac did not own the
21   Loan.  And without a well-pleaded allegation that Freddie Mac in fact owned or had
22   some interest in the loan, the Leslies' agency allegations against Freddie Mac are
23   incomplete.  "A principal is liable for the acts of [its] agent within the scope of the
24   agent's employment or authority," *Alvarez v. Felker Mktg. Co.*, 230 Cal. App. 2d 987,
25   1002 (9th Cir. 1964); therefore, without case-specific facts about (1) Freddie Mac's role
26   and associated powers and (2) which of those powers Freddie Mac delegated to its
27   purported agent CitiMortgage, the Leslies fail to state a claim against Freddie Mac on
28   the theory that CitiMortgage was Freddie Mac's agent.

The Leslies cite *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964 (N.D. Cal. 2012) for the proposition that "[s]everal courts have recognized the existence of a valid cause of action for wrongful foreclosure where a party alleged not to be the true beneficiary instructs a trustee to file a Notice of Default and initiate nonjudicial foreclosure." (Opp'n 5 (citing *Barrionuevo*, 885 F. Supp. 2d at 973).) However, factually, the present matter is one step removed from *Barrionuevo* and the other cases to which the Leslies (and the *Barrionuevo* court) cite on this issue. In *Barrionuevo*, like here, a homeowner was the borrower on a note and deed of trust, and the lender securitized the homeowner's loan into a pooled loan trust. *Id.* at 967. Later, a bank purchased the loan from the lender, and the plaintiff argued that this conveyance was void because the loan had already been securitized and pooled. *Id.* The bank eventually initiated foreclosure proceedings by issuing a notice of default, and the homeowner pursued an action against the bank for wrongful foreclosure. *Id.* The *Barrionuevo* court considered whether the plaintiff could pursue a wrongful foreclosure claim against an entity who, under the plaintiff's own theory of the case, did not own the loan. *Id.* at 971–74. Ultimately, the Court recognized the claim notwithstanding this apparent inconsistency, based on the plaintiffs' theory that the bank's notice of default was "invalid due to a lack of authority to foreclose." *Id.* at 974.

The case of *Barrionuevo* is inapposite because the position of the bank in *Barrionuevo* and the position of Freddie Mac in the present matter are not analogous. In *Barrionuevo*, the party against whom the claims were asserted (the bank) was the same party who allegedly took action to initiate the foreclosure proceedings through its trustee. *Id.* at 967. The homeowner in *Barrionuevo* therefore had a valid claim based on the assertion that "the wrong parties"—i.e., the bank and its trustee—"issued the Notice of Default." *Id.* at 974. Here, by contrast, the party against whom the claims at issue are asserted (Freddie Mac) is not the party who initiated the foreclosure proceedings (CitiMortgage). (Fifth Am. Compl. ¶¶ 29, 31.) Freddie Mac's only relationship to these events is that CitiMortgage and Freddie Mac *much later asserted*

that Freddie Mac owned the Loan at the time.  (*Id.* ¶ 15.)  Other than this allegation about CitiMortgage's and Freddie Mac's later assertions, the Leslies allege nothing to suggest that Freddie Mac took any express action in connection with the foreclosure, such as by sending the Leslies correspondence regarding foreclosure or directing CitiMortgage to initiate foreclosure proceedings.  As alleged, it was not Freddie Mac who did these things; it was CitiMortgage.  In this sense, the bank in *Barrionuevo* is more analogous to CitiMortgage than to Freddie Mac.  The facts of *Barrionuevo* and the other cases the Leslies cite on this issue do not go as far as to support a claim against Freddie Mac.

Leave to amend is denied.  Previously, the Court set forth in detail the reasons why the Leslies' claims against Freddie Mac in the Fourth Amended Complaint failed. The Fifth Amended Complaint does no more than repackage the very same allegations against Freddie Mac in slightly different words.  Given that the Fifth Amended Complaint does not improve on the Fourth in any material way and that the Leslies' Opposition lacks a concrete suggestion regarding how the Leslies might amend, the Court has a substantial basis for finding that further leave to amend would be "futile." *Carrico*, 656 F.3d at 1008.

As leave to amend is denied, the Court dismisses Freddie Mac from the action with prejudice.

## VI.   REMAND

Freddie Mac removed this case on the basis of the subject matter jurisdiction that 12 U.S.C. § 1452(f) and 28 U.S.C. § 1442(a) confer when Freddie Mac, an agency of the United States, is a party to the controversy.  (Notice of Removal ¶¶ 3–4.)  "Once the federal parties . . . are dismissed from a case which has been removed under § 1442(a)(1), a federal district court has the power either to adjudicate the remaining state claims or to remand to state court." *Gulati v. Zuckerman*, 732 F. Supp. 353, 358–59 (E.D. Pa. 1989) (citing 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3727, at 462 (1985 and Supp. 1989)); *Watkins v. Grover*,

508 F.2d 920, 921 (9th Cir. 1974); *Navarro Santibanez v. Alexander*, 345 F. Supp. 3d 1259, 1269 (S.D. Cal. 2018) (citing to *Watkins*).  In exercising its discretion to make this decision, courts consider, among other things, whether there has been "substantial commitment of judicial resources to the nonfederal claims."  *Navarro Santibanez*, 345 F. Supp. 3d at 1269–70 (citing *Murphy v. Kodz*, 351 F.2d 163, 167–68 (9th Cir. 1965)).  Courts also consider whether the case "present[s] questions of purely local law" and whether "the federal parties were dismissed early in [the] proceedings."  *Tang v. Nat'l Rent A Car*, No. 2:14-cv-03596-RSWL (MANx), 2014 WL 12610200, at *1 (C.D. Cal. June 10, 2014).

Here, Plaintiffs' choice of forum was state court, and there have been no significant proceedings in federal court other than with respect to Freddie Mac's inclusion in the lawsuit.  Moreover, the Leslies' claims present issues of purely state law.  Accordingly, the Court, in its discretion, declines to retain jurisdiction and remands the case.  *Navarro Santibanez*, 345 F. Supp. 3d at 1269–70.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## VII.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Dismiss filed by Federal Home Loan Mortgage Company ("Freddie Mac").  (ECF No. 50.)  The Court **DISMISSES** the Leslies' claims against Freddie Mac **WITHOUT LEAVE TO AMEND,** and **DISMSSES** Freddie Mac from this action **WITH PREJUDICE**.

Furthermore, the Court **REMANDS** this matter to the Superior Court of California, County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, Case No. 19STCV31631.  All pending motions in this matter are **DENIED AS MOOT**.  (ECF Nos. 37, 54, 57.)  The trial and all other pending dates and deadlines are **VACATED**.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**


March 15, 2023

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**